IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

E. SCOTT FAMILY LIMITED
PARTNERSHIP,

    Plaintiff,

v.                                                  Case No. 24-cv-01148 KG/GBW

TRISURA SPECIALTY INSURANCE
COMPANY, *et al.*,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Compel Arbitration and Stay Litigation Pending Arbitration, (Doc. 4), filed November 15, 2024. Plaintiff filed its Response in Opposition, (Doc. 13), November 29, 2024, and Defendants filed their Reply, (Doc. 16), December 13, 2024. Having considered the briefing and relevant caselaw, the Court grants Defendants' Motion.

    I.    *Background*

On September 19, 2024, Plaintiff filed its Complaint for Breach of Insurance Contract, Violation of the New Mexico Unfair Practices Act, and Bad Faith Actions in New Mexico state court. (Doc. 1) at 2. Plaintiff alleges it owned certain commercial property located in Clovis, New Mexico and the property was insured under a property insurance policy underwritten by Defendants.[1] *Id.* at 58. On or about May 24, 2023, the insured property sustained substantial damage from a wind and hailstorm. *Id.* at 19, ¶ 10. Defendants, however, denied coverage on

---

[1] Defendants include Trisura Specialty Insurance Company, QBE Specialty Insurance Company, Summit Specialty Insurance Company, Gotham Insurance Company, Lancashire Insurance Company (UK) Limited, Palms Insurance Company Limited, and Indian Harbor Insurance Company.

one claim sparking this lawsuit. (Doc. 4-1) at 6. On November 8, 2024, Defendants removed this case claiming there is a valid agreement in the subject policy, and the agreement falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (Convention). (Doc. 1) at 3. The relevant portions of the arbitration clause state:

> C. Arbitration Clause: All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.
> …
> The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

(Doc.4-1) at 5–6.

In their Motion, Defendants argue Plaintiff should be compelled to arbitrate because the agreement falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (Convention) found in Chapter 2 of the Federal Arbitration Act (FAA). (Doc. 4-1) at 8. In Response, Plaintiff argues: (1) the Motion is premature because there are outstanding factual issues to be addressed; (2) the arbitration agreement is unenforceable under New Mexico public policy contract law; and (3) the Convention may not apply if Plaintiff dismisses the foreign Defendant. (Doc. 13) at 1–2, 9–13.

II.  *Analysis*

Under the FAA, a court must enforce an agreement to arbitrate except "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[I]f a federal district court determines that a suit is subject to an arbitration agreement, it shall, on application of a party, stay the litigation pending arbitration." *Walker v. BuildDirect.com Techs., Inc.*, 733 F.3d 1001, 1004 (10th Cir. 2013) (citing *id.* at § 3). In addition, the Court will "make

an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Walker*, 733 F.3d at 1004 (citing 9 U.S.C. § 4) (quotation marks omitted).

The Convention "imposes a mandatory duty on the courts of a Contracting State to recognize, and enforce an agreement to arbitrate unless the agreement is 'null and void, inoperable or incapable of being performed.'" *See Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 959 (10th Cir. 1992) (citation omitted). The Tenth Circuit follows the First Circuit's framework allowing courts a very limited inquiry of:

> (1) Is there an agreement in writing to arbitrate the subject of the dispute? (2) Does the agreement provide for arbitration in the territory of the signatory of the Convention? (3) Does the agreement arise out of a legal relationship whether contractual or not, which is considered as commercial? (4) Is a party to the agreement not an American citizen, or does the commercial relationship have some reasonable relation with one or more foreign states?

*Riley*, 969 F.2d at 959 (citation omitted). "If these questions are answered in the affirmative, a court is *required* to order arbitration." *Id.* (citation omitted).

Here, the answers to the above four questions are affirmative. There is a signed agreement to arbitrate, (Doc. 4-3) at 4; the arbitration is to be conducted in New York located within the United States, a signatory of the Convention; the legal relationship is considered commercial[2]; and one party, Lancashire Insurance Company, is not an American citizen. Moreover, the "United Kingdom and the United States are Contracting States to the Convention." *Riley*, 969 F.2d at 958. Thus, unless Plaintiff proves the agreement to be "null and void, inoperable or incapable of being performed" the Court must enforce the arbitration agreement. *Id.* at 959.

---

[2] Plaintiff does not dispute the agreement was commercial. Even so, the Court finds sufficient evidence that the agreement was in fact commercial. *See* (Doc. 4-3) at 4 "Coverage Part – Commercial Property"; *see also id.* at 12 "Guardian Commercial Property Form."

Plaintiff argues the Court should not compel arbitration for two reasons.  First, Plaintiff argues Defendants may not have signed the contract.  (Doc. 13) at 7.  The Court, however, determines Defendants' Program Administrator signed the contract on February 28, 2023.  (Doc. 4-3) at 4.  Next, Plaintiff argues the Convention may not apply because it could dismiss the foreign Defendant.  *See* (Doc. 13) at 11–13.  While Plaintiff is free to dismiss any Defendant, the Court is not free to disregard the foreign Defendant in considering the Motion to Compel.  *See Bufkin Enters., L.L.C. v. Indian Harbor Ins. Co.*, 96 F.4th 726, 732 (5th Cir. 2024) ("While [plaintiff] was certainly free to name and then dismiss the foreign insurers, the district court was not free to disregard them in considering the domestic insurers' motion to compel arbitration.").

Plaintiff's remaining arguments are unavailing.  Plaintiff ignores the requirement that the agreement must be "null and void, inoperable or incapable of being performed[]" to be unenforceable.  *Riley*, 969 F.2d at 959.  Instead, Plaintiff's remaining arguments focus on New Mexico's laws and policies regarding arbitration agreements.  In particular, Plaintiff argues the arbitration agreement is vague and ambiguous and therefore should not be enforced.  *See* (Doc. 13) at 9–11.  Vagueness and ambiguity, however, do not mean the agreement is "null and void, inoperable or incapable of being performed" and Plaintiff fails to cite any binding authority stating otherwise.  Further, "just as the FAA preempts a state statute that is predicated on the view that arbitration is an inferior means of vindicating rights, it also preempts state common law—including the law regarding unconscionability—that bars an arbitration agreement because of the same view."  *THI of New Mexico at Hobbs Ctr., LLC v. Patton*, 741 F.3d 1162, 1167 (10th Cir. 2014).  Thus, the Court determines the Convention applies to this arbitration agreement and therefore must order the parties arbitrate their issues according to the arbitration agreement.

For these reasons, the Court grants Defendants' Motion.

IT IS SO ORDERED:

(1) Defendants' Motion to Compel Arbitration, (Doc. 4), is granted;

(2) The parties will proceed to arbitration as provided by the terms in the Arbitration Agreement; and

(3) This case is stayed pending resolution of the arbitration proceeding.

/s/_____
KENNETH J. GONZALES[3]
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.